IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Garcia, ) | C/A No.: 3:24-682-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER AND NOTICE |
| South Carolina Department of ) | |
| Social Services; and James Swick, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jerome S. Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the South Carolina Department of Social Services ("DSS") and James Swick (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be summarily dismissed.

I.     Factual and Procedural Background

Plaintiff brings this action, again arguing the South Carolina Family Court ("Family Court") orders are fraudulent and that DSS has violated his civil rights in prosecuting him related to child support payments and enforcing the court's orders regarding the same. This is Plaintiff's latest attempt to

attack the actions of DSS and the Family Court that began following his 2018 arrest for failure to comply with a child support order. [ECF No. 1 at 16].[1]

Plaintiff alleges he spoke with Swick, who serves as an attorney for DSS.[2] Plaintiff claims Swick agreed to set a hearing for January 25, 2024, at which neither the court nor the DSS attorney addressed his motions or federal rights complaint. *Id.* at 20. Plaintiff alleges Swick was not willing to speak to him. *Id.*

Plaintiff claims Defendants violated the Privileges and Immunities Clause and his First[3] and Fourteenth Amendment rights.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

---

[1] Plaintiff's prior cases related to his ongoing battle with DSS and the Family Court, include C/A No. 3:20-695-MGL *Garcia v. McBride*, C/A No. 3:21-1715-SAL *Garcia v. Strom*, C/A No. 3:21-2780-MGL *Garcia v. Lott*, C/A No. 22-2266-MGL, *Garcia v. Shwedo*, and 3:23-3012-MGL, *Garcia v. SCDSS Child Support Agency*.
[2] Plaintiff refers to Swick as the "lead attorney" and Director of DSS. [ECF No. 1 at 19]. It appears Swick may serve as the Director of the DSS Child Support division. [ECF No. 1 at 22].
[3] Although Plaintiff cites to the First Amendment, he quotes the Declaration of Independence's language regarding the unalienable rights of life, liberty, and the pursuit of happiness, and not the First Amendment. [ECF No. 1 at 28].

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    DSS Has Eleventh Amendment Immunity

DSS is immune from suit under the Eleventh Amendment to the United States Constitution, which states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also Dowling v. State of S.C.*, No. 0:06-1309-PMD-BM, 2006 WL 1751742, at *2 (D.S.C. June 20, 2006). As such, absent the state's waiver or consent, the Eleventh Amendment bars suit directly against a state such as South Carolina or its agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that DSS, as an arm of the state, is immune from a suit for damages under the Eleventh Amendment. S*ee Coffin v. South*

4

*Carolina Dept. of Soc. Servs.*, 562 F.Supp. 579, 583 (D.S.C. 1983) (holding that DSS is a state agency and therefore entitled to Eleventh Amendment immunity); *Jeter v. Harris*, No. 0:07-cv-00857-GRA-BM, 2007 WL 1795788, at *2 (D.S.C. June 19, 2007).

        2.      Insufficient Allegations Regarding Swick's Actions

To state a plausible claim for relief under 42 U.S.C. § 1983,[4] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). Here, Plaintiff generally alleges Swick violated his constitutional rights, but his allegations regarding Swick do not state a

---

[4] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

constitutional violation. Plaintiff alleges Swick discussed the case with him. [ECF No. 1 at 20]. Plaintiff's complaints about the court's actions and the DSS attorney's actions are not attributable to Swick.[5] Further, Swick's refusal to speak to Plaintiff further about the case does not state a constitutional violation.

### 3. No Supervisory Liability Under § 1983

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a

---

[5] Even if Swick had been the acting attorney, DSS attorneys are entitled to absolute immunity in their prosecutorial roles. *See Shirley v. Drake*, 176 F.3d 475 (4th Cir. 1999).

6

result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific constitutional violations against Swick, he is entitled to summary dismissal. Although Plaintiff alleges "SCDSS Child Support program directed by the Defendant Director James Swick set up policy, and a common practice to "Target," and "Deny" fathers' fundamental rights by circumventing the precedent, and strict scrutiny standard set by the federal ruling," [ECF No. 1 at ¶ 60], this allegation is against a DSS policy. As discussed above, DSS is entitled to Eleventh Amendment immunity.

    4.    The *Rooker-Feldman* doctrine

Plaintiff's complaint is essentially an attempt to circumvent the rulings made by the state Family Court. Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the

7

issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. To the extent the claims in Plaintiff's complaint challenge rulings made by South Carolina state courts, these claims should be summarily dismissed.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in the complaint by filing an amended complaint by **March 22, 2024**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fail to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 1, 2024                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge