

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:24-682-MGL |
| | § | |
| MICHAEL LEACH and JAMES SWICK , | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE
AND WITHOUT LEAVE FOR FURTHER AMENDMENT**

Plaintiff Jerome Garcia (Garcia), who is representing himself, filed this lawsuit against Defendants Michael Leach (Leach) and James Swick (Swick) (collectively, Defendants). He brings this action pursuant to 42 U.S.C. § 1983.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Garcia's action be dismissed without leave for further amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 15, 2024, and Garcia filed his objections on April 22, 2024, and his supplemental objections on July 8, 2024. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Here is a brief recitation of the factual and procedural history of this case:

> [Garcia] brings this action . . . arguing the South Carolina Family Court . . . orders are fraudulent and that DSS has violated his civil rights in prosecuting him related to child support payments and enforcing the court's orders regarding the same. This is [his] latest attempt to attack the actions of the DSS and the Family Court, which began following his 2018 arrest for failure to comply with a child support order.
>
> [Garcia] alleges he spoke with Swick, who serves as an attorney for DSS. [He] claims Swick agreed to set a hearing for January 25, 2024, at which neither the court nor the DSS attorney addressed his motions or federal rights complaint. [Garcia] alleges the DSS attorneys at his hearing acted under the direction of Swick and Leach in ignoring the law. [He] alleges Swick and Leach have "facts that show fraud upon the court" and alleged Swick trains his employees to "look at [p]oor families as targets."
>
> [Garcia] claims Defendants violated his constitutional rights and seeks five million dollars in compensatory damages.

Report at 1-2 (citations omitted) (footnotes omitted).

Garcia's objections are both non-specific and without merit. This submission, which is twenty-three pages, plus seven pages of exhibits, is styled like a complaint, but reads like a meandering appeal of a family court judgment. But, "[i]t is a well-settled principle that federal appellate review of judgments rendered by state courts can only occur in [the United States Supreme] Court, on appeal or by writ of certiorari." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 24 (1987) (Marshall, J., concurring in judgment).

The *Rooker-Feldman* doctrine, which bars this suit, is concerned with "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005). And, that is exactly what we have here. Thus, Garcia is mistaken in his contention his "claims fall outside *Rooker-Feldman*[.]" Objections at 19 (emphasis added).

Garcia's supplemental objections, which is fourteen pages plus four pages of exhibits, are also styled as a complaint. And, like his objections, they are non-specific and without merit.

To the extent he again seeks for this Court to review the family court judgment as an appeal, as the Court already noted, "[i]t is a well-settled principle that federal appellate review of judgments rendered by state courts can only occur in [the United States Supreme] Court, on appeal or by writ of certiorari." *Pennzoil Co.*, 481 U.S. at 24.

In addition to Garcia's objections, he says he "adds a new cause of action of 'Discrimination' as [he] is an individual with disabilities under section 504 of [the Rehabilitation Act]." Supplemental Objections at 2. He also appears to make a retaliation claim. But, his conclusory allegations of discrimination and retaliation, without more, are insufficient to establish either of those claims in this case.

The Court observed above Garcia's objections are non-specific. But, "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In such a case, the Court "need not conduct a de novo review, but instead must 'only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Nevertheless, in an abundance of caution, the Court has conducted a de novo review of the record in this case, but is satisfied the Magistrate Judge's suggestion to dismiss Garcia's action is correct.

Consequently, for these reasons, the Court will overrule all of Garcia's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Garcia's action is **DISMISSED WITHOUT PREJUDICE**, and without leave for further amendment. Accordingly, all pending motions are necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 29th day of October, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

### NOTICE OF RIGHT TO APPEAL

Garcia is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.